*940 JjON APPLICATION FOR ADMISSION TO THE BAR
PER CURIAM.
The Committee on Bar Admissions (“Committee”) opposed the application of petitioner, J. Eric Kirkland, to sit for the Louisiana Bar Examination based on character and fitness concerns stemming from his lack of candor. We subsequently granted petitioner permission to sit for the bar exam, with the condition that upon his successful completion of the exam, he apply to the court for the appointment of a commissioner to take character and fitness evidence.[1]
Petitioner thereafter successfully passed the essay portion of the bar exam, and upon his application, we appointed a commissioner to take evidence and report to this court whether petitioner possesses the appropriate character and fitness to be admitted to the bar and allowed to practice law in the State of Louisiana. We also authorized the Office of Disciplinary Counsel to conduct an investigation into petitioner’s qualifications to be admitted to the bar.
The commissioner conducted a character and fitness hearing in November 2005, pursuant to Supreme Court Rule XVII, § 9(B). The commissioner received documentary evidence and heard testimony given by petitioner and a witness. At the hearing, petitioner admitted that he had been expelled from his undergraduate university after drugs, alcohol, and other contraband were discovered in his on-campus apartment. Moreover, petitioner admitted that he did not disclose this ^incident when he applied to law school, and that his omission in that regard was knowing and intentional.
At the conclusion of the hearing, the commissioner filed his report with this court, recommending that petitioner be admitted to the practice of law. The Committee objected to that recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(B)(3).
After hearing oral argument, reviewing the evidence, and considering the law, we' conclude petitioner has failed to meet his burden of proving that he has “good moral character” to be admitted to the Louisiana State Bar Association. See Supreme Court Rule XVII, § 5(E).
Accordingly, it is ordered that the application for admission be and hereby is denied.

. In re: Kirkland, 05-0111 (La. 1/19/05), 893 So.2d 55.